# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KEON TERRELL ALLEN, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 2:22-cv-00042-JAR ) |
| WARDEN BILL STANGE, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Petitioner Keon Terrell Allen's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 10). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED** with prejudice.

### I.  Background

In April 2021, a jury found Petitioner guilty of one count of possession of a controlled substance in Butler County Circuit Court. On June 22, 2021, Petitioner was sentenced to twelve years' imprisonment with the Missouri Department of Corrections. Petitioner failed to timely file a notice of appeal or otherwise pursue post-conviction review proceedings.

On July 11, 2022, Petitioner mailed his Section 2254 petition (Doc. 1) in which he raises four grounds for relief and alleges the following:

1) The state illegally arrested Petitioner because the probable cause affidavit did not match the information on the warrant;

2) The conditions in the jail where Petitioner was housed before trial were deficient;

3) Jail staff used excessive force against Petitioner during his time in custody; and

    4) Jail staff and occupants discriminated against Petitioner based on his religion or race.

The Government responded (Doc. 10), arguing that the petition should be dismissed because it is untimely and because the claims are procedurally defaulted and fail to state a basis for federal habeas relief.

## II.   Analysis

Section 2254 petitions are subject to a one-year limitation period pursuant to 28 U.S.C. § 2244(d). As it relates to this case, Section 2244(d)(1)(A) provides that the one-year period begins to run on "the date on which the judgment became final." In this case, Petitioner failed to timely file his federal habeas petition. Petitioner was sentenced on June 22, 2021 and did not file a timely notice of appeal. Thus, his conviction became final on July 2, 2021. However, Petitioner did not mail the instant petition until July 11, 2022, nine days after the one-year limitation had expired. In addition, equitable tolling is unwarranted as nothing in the petition indicates that Petitioner diligently pursued his rights and that some "extraordinary circumstance" stood in his way. *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005).

Furthermore, Petitioner's claims must also be denied as procedurally defaulted. A state prisoner must exhaust state remedies by fairly presenting any claim in the appropriate state court before seeking federal habeas review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A federal habeas court may be precluded from considering the merits of a claim procedurally defaulted due to a failure to include the claim in a post-conviction appeal. *Smith v. Jones*, 923 F.2d 588, 589 (8th Cir. 1991) (holding that claims not presented to the Missouri courts and not appealed are procedurally barred). However, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Upon review

of the record, the Court finds that Petitioner presented each of these claims for the first time in federal court and never in state court, so they must be treated as procedurally defaulted. Moreover, Petitioner has not presented any statements in his petition that would provide a basis to excuse the procedural default.

Finally, each of Petitioner's claims fail to state a basis for federal habeas relief. Petitioner's first claim that that the probable cause affidavit did not support the warrant for his arrest fails to raise a challenge to his current custody because he was convicted of the offense. *United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."). Even if this claim were construed as a challenge to the admission of evidence gathered as a result of his arrest, that claim would also fail. Petitioner had the opportunity to move to suppress evidence before trial and to appeal any unfavorable ruling but neglected to do so. Accordingly, such a claim is not cognizable as a basis for federal habeas relief. *Stone v. Powell*, 428 U.S. 465, 495 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (internal citations omitted).

Petitioner's second, third, and fourth claims fail because conditions of confinement claims are not appropriate for federal habeas relief. *Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014) (finding that where a petitioner's "constitutional claim relates to the conditions of his confinement . . . a habeas petition is not the proper claim to remedy his alleged injury"). Rather, the purpose of a habeas petition is to challenge the "fact or duration" of confinement, *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), whereas a civil rights claim is the proper means to challenge the conditions of confinement. *See, e.g., Phinney v. Carson*, No. 4:16-CV-94-CEJ, 2016 WL

366804, at *1 (E.D. Mo. Jan. 29, 2016). Petitioner has not provided any Eighth Circuit authority indicating his claims are cognizable under Section 2254. *See Hook v. Vandergriff*, No. 4:20-CV-01067 PLC, 2023 WL 4198100, at *2 (E.D. Mo. June 27, 2023). Federal habeas relief is inapposite because Petitioner's claims relate to the conditions of the jail where Petitioner was housed before his trial, to excessive force by jail staff, and to discrimination against Petitioner due to race or religion by jail staff. Therefore, Petitioner's claims must be denied.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Keon Terrell Allen's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that a Certificate of Appealability will not issue in this action because Petitioner has not made a substantial showing of a denial of a constitutional right.

A separate judgment will accompany this Memorandum and Order.

Dated this 18th day of August, 2025.

*[signature]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**